638 So.2d 699 (1994)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES, SUPPORT ENFORCEMENT SERVICES, in the Matter of K.B. GREEN, Minor Child of Wyezeta Green, Plaintiffs-Appellants,
v.
Victorian JONES, Jr., Defendant-Appellee.
No. 93-1290.
Court of Appeal of Louisiana, Third Circuit.
June 8, 1994.
*700 Jimmy Dale Long Jr., Natchitoches, for State, Dept. of Social Services, Support Enforcement Services, Matter of Green.
Charles Wilson Seaman, Natchitoches, for Victorian Jones Jr.
Before GUIDRY, DOUCET and KNOLL, JJ.
DOUCET, Judge.
The State of Louisiana, Department of Social Services Support Enforcement Service (hereinafter, the State) appeals a judgment of the trial court finding it failed to carry its burden of proof that defendant, Victorian Jones, Jr., is the natural father of the minor, K.B. Green, and dismissing its petition to establish paternity, fix child support, and order medical support. We affirm.
In this paternity suit brought by the State seeking to have defendant, Victorian Jones, Jr., declared the natural father of the minor, K.B. Green, plaintiff's whole case consisted of the results of blood tests performed on the child, the mother, and defendant, plus the testimony of a social worker, Delores Mercer, and that of the mother, Wyezeta Green. The blood tests, which consisted of DNA comparisons, yielded the following results: a Probability of Exclusion (P.E.) of 99.49% (i.e., exclusion of all other males except for defendant) and a Combined Paternity Index (P.I.) of 341.12 to 1 (i.e., the odds that defendant is the father of the child).
Ms. Green, the minor's mother, testified that during the time around which her son was conceived, she was seeing the defendant exclusively and that in the Fall of 1986 (the child, K.B. Green, was born March 26, 1987) she had sexual relations with Mr. Jones approximately three times in Rapides and/or Natchitoches Parishes. She also stated that she had no other sexual contacts during that time. Ms. Green also testified that her mother knew of her involvement with Mr. Jones and that Mr. Jones was the father of K.B. Unfortunately, these latter allegations could not be verified as Ms. Green's mother had predeceased the trial of the matter. On cross-examination, Ms. Green did admit that defendant never acknowledged K.B., either publically or privately.
Mr. Jones, on the other hand, denied ever even dating Ms. Green, much less having sexual relations with her. Jones testified that he knew Green as a co-worker on the City of Natchitoches Police department where he was a patrolman and she a dispatcher. He further stated that he first learned of Green's pregnancy from Susan Johnson, a mutual friend on the police force.
Ms. Johnson, who was also a dispatcher, testified that Ms. Green told her that K.B. was Jones's childconceived in Chicago when Jones met her there while she visited. This, of course, is inconsistent with Green's own testimony that the child was conceived in either Rapides or Natchitoches Parish. Ms. Johnson further testified that she knew Green had dated one Bill McDaniel.
Kathy Berryman, another police employee acquainted with both Green and Jones, testified that she never saw Green and Jones out socially and that she (Berryman) was under the impression that Bill McDaniel was K.B.'s father.
Finally, Ms. Delores Mercer, the State Support Enforcement Services representative, testified that Jones steadfastly denied *701 he had fathered K.B.both before and after DNA testing had established that there was a "high probability" that Jones is K.B.'s father. Based upon all the testimony and evidence, the trial court found the State had failed to carry its burden of proof.
On appeal, the State argues that the trial judge erred in holding that it had failed to establish paternity by a preponderance of the evidence where the testimony of the witnesses was conflicting and the only objective criteria for resolving the question at issue was the scientific evidence. We disagree with the State's argument.
In State v. Givens, 616 So.2d 259 (La.App. 2 Cir.1993), our brethren of the Second Circuit explained:
Where, as here, the alleged parent is alive, a plaintiff bears the burden of proving paternity by a preponderance of the evidence. LSA-C.C. Art. 209; State in the Interest of Lawrence v. Harrell, 582 So.2d 940 (La.App. 2d Cir.1991); State v. Stringer, 567 So.2d 758 (La.App. 2d Cir.1990). The sufficiency of proof of paternity is a question of fact which should not be disturbed on appeal in the absence of manifest error. Hines v. Williams, 567 So.2d 1139 (La.App. 2d Cir.1990), writ denied, 571 So.2d 653 (La.1990); State v. Stringer, supra. Although scientific testing alone is insufficient to prove paternity, it is persuasive and objective testimony that can help establish proof by a preponderance of the evidence.
The purpose of the blood analysis is to exclude falsely accused men from paternity. If an alleged father is not excluded, the combined paternity index is calculated to show the odds that he would have passed the disclosed genetic markers to a particular child. State v. Stringer, supra.

See also, State v. Tantillo, 620 So.2d 346 (La.App. 5 Cir.1993), and Litton v. Litton, 624 So.2d 472 (La.App. 2 Cir.1993).
We note that paternity was found in all three of the above cited cases: by the trial court in Tantillo (affirmed), and by the reversal of the trial court in Givens, and Litton. However, we also note that in all three cases the paternity index was more than three times that of defendant herein; all of the other defendants had a calculated paternity index in excess of 99.90; and in all three cases there was more convincing testimony as to the probability of the defendant being the child's father.
Here, the mother could not remember where or when her son was conceived. In one instance, she claimed the child was conceived in either Natchitoches or Rapides Parish; while she confided to a co-worker that the boy had been conceived in Chicago. Her own testimony is wrought with other inconsistencieson direct examination she claimed that she was seeing the defendant once or twice a month and having sexual contact on each occasion; while on cross-examination, Ms. Green claimed only two or three acts of intercourse with Mr. Jones in Rapides Parish, and once or twice in Natchitoches Parish.
Other testimony also failed to support Ms. Green's claim that Mr. Jones was K.B.'s father. Ms. Delores Mercer, who investigated the case for the State, testified that Mr. Jones was consistent and adamant in his denials of paternity. Ms. Kathy Berryman, who worked with Ms. Green for the City of Natchitoches Police Department, testified that Ms. Green confided to her that one Bill McDaniel was the father of K.B. No one who testified could remember even seeing Ms. Green and Mr. Jones together socially.
Considering the applicable standard of review, as set out by our Supreme Court in Rosell v. ESCO, 549 So.2d 840 (La.1989), and more recently reiterated in Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993), we must admit that, in light of the testimony, the fact finder's conclusion was a reasonable onei.e., we find no "manifest error" or "clearly wrong" conclusion by the trial judge.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.